NOTICE
Decision filed 11/25/19. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2019 IL App (5th) 190144-U

NO. 5-19-0144

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| SAROYA ROBERSON, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-L-733 |
| SYMPHONY POST ACUTE CARE NETWORK; SYMPHONY SYCAMORE, LLC; SYMPHONY HEALTHCARE, LLC; SYMPHONY M.L., LLC; SYMPHONY MONARCH HOLDINGS, LLC; and DOE DEFENDANTS 1-100, | ) ) ) ) ) ) ) | |
| Defendants | ) ) | |
| (Symphony Sycamore, LLC; Symphony Healthcare, LLC; Symphony M.L., LLC; and Symphony Monarch Holdings, LLC, Defendants-Appellants). | ) ) ) ) | Honorable Kevin T. Hoerner, Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Overstreet and Justice Welch concurred in the judgment.

**ORDER**

¶ 1    *Held:*    We modify the order certifying the class to include only those class members with whom the plaintiff has established an identity of causes of action against the named defendants.

1

¶ 2    The defendants, Symphony Post Acute Care Network, Symphony Sycamore, LLC, Symphony Healthcare, LLC, Symphony M.L., LLC, and Symphony Monarch Holdings, LLC, appeal the March 12, 2019, order of the circuit court of St. Clair County that granted certification of the class proposed by the plaintiff, Saroya Roberson, in reference to her class action complaint. On appeal, the defendants raise numerous issues with respect to the circuit court's certification of the class. For the following reasons, we affirm the order as modified to include only the following class definition:

> "All Illinois citizens whose biometric information was collected, captured, purchased, received through trade, or otherwise obtained in Illinois at the Symphony Post Acute Care Network, a/k/a Symphony Post Acute Network, location in Swansea, Illinois, as set forth in the Illinois Biometric Information Privacy Act, 740 ILCS 14/5 *et seq.*

> Excluded from the proposed Class are employees, officers, directors, subsidiaries and affiliates of any person or business associated with the Symphony Post Acute Care Network, a/k/a Symphony Post Acute Network, the judge or any officer of the court presiding over this action."

¶ 3                                      FACTS

¶ 4    On December 8, 2017, the plaintiff filed a class action complaint against the defendants as well as "Doe Defendants 1-100" in the circuit court of St. Clair County. The complaint alleged that the defendants violated the Illinois Biometric Information Privacy Act (BIPA) (740 ILCS 14/1 *et seq.* (West 2016)) in the manner that they collected and stored the plaintiff's biometric information. In particular, the plaintiff alleged that the

2

defendants violated sections 15(a) and 15(b) of BIPA (740 ILCS 14/15(a), (b) (West 2016)) by "actively collecting, storing, and using" the plaintiff's biometric information without providing notice to her, obtaining her written consent, or publishing its data retention policies. According to the complaint, the violations occurred while she was an employee of Sycamore Village in Swansea.

¶ 5   The plaintiff's complaint sets forth limited details as to the role of the various defendants in the alleged BIPA violations. According to the complaint:

"[The d]efendants to this action undertake an integrated, interlocking web of business activities, many of which center around nursing homes. Symphony Post Acute Care Network's Chief Operating Officer Michael Munter describes the network as 'an integrated post acute care and senior housing provider in the midwestern United States.' "

¶ 6   The complaint then states that "[a]ll [n]amed [d]efendants and Doe Defendants and their integrated, interlocking business activities shall be referred to collectively herein as 'Symphony' or simply 'Defendants.' " The complaint alleges that Symphony "includes" Symphony Sycamore, LLC, Symphony Healthcare, LLC, Symphony M.L., LLC, and Symphony Monarch Holdings, LLC. The complaint then alleges the following:

"Symphony owns, operates, manages, controls, and/or conducts business at several Illinois nursing homes and/or similar facilities. This includes (but is not limited to) collecting, capturing, purchasing, receiving through trade or otherwise obtaining biometric identifiers or biometric information at such locations. Such locations include (but are not limited to) the Illinois facilities where [n]amed [p]laintiff Saroya

3

Roberson was employed (Sycamore Village). Many further relevant Illinois locations will undoubtedly [be] revealed in discovery."

¶ 7 After stating the foregoing, the complaint contains one paragraph which states that, "some or all of the [d]efendants have unity of interest and ownership that such separate personalities of the same no longer exist, and adherence to the fiction of separate corporate existence would sanction fraud or injustice." The complaint goes on to explain that the plaintiff's biometric data was collected by a biometric scanner used to track time and attendance of employees. The complaint states that, "upon information and belief, the [d]efendants' violations of BIPA are not occurring at just one location, nor are they being perpetrated in one only geography. The [d]efendants' violations of BIPA are occurring at multiple locations in the state of Illinois, and have been occurring since [the d]efendants' implementation of biometric scanners/readers."[1]

¶ 8 On April 6, 2018, the plaintiff filed a motion for class certification pursuant to section 2-801 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-801 (West 2018)). The one-page motion, which states that the plaintiff reserves the right to supplement the record prior to a hearing on the motion, sought to certify the following class:

---

[1]Although Symphony Post Acute Care Network (SPAN) is a named defendant, the complaint does not include SPAN as an entity that "Symphony," as referenced in the complaint, "includes." In addition, none of the counts of the complaint contain prayers for relief that are directed toward SPAN. Finally, no summons was served in this case on any entity identified as SPAN. Thus, when we refer to the pleadings filed on behalf of the defendants, we are referring to Symphony Sycamore, LLC, Symphony Healthcare, LLC, Symphony Monarch Holdings, LLC, and Symphony M.L., LLC.

4

"All Illinois citizens whose biometric information was collected, captured, purchased, received through trade, or otherwise obtained in Illinois by any person or business associated with the Symphony Post Acute Care Network, a/k/a Symphony Post Acute Network [(SPAN)], as set forth in the Illinois Biometric Information Privacy Act, 740 ILCS 14/5 *et seq.*

Excluded from the proposed Class are employees, officers, directors, subsidiaries and affiliates of any person or business associated with [SPAN], the judge or any officer of the court presiding over this action."

¶ 9 On June 19, 2018, the plaintiff filed a motion to compel the defendants to answer her discovery requests. The focus of these requests was aimed at discovering whether the defendants had a relationship with other nursing homes throughout Illinois that are associated with SPAN, which the plaintiff's research revealed was a service mark, rather than a business entity. The plaintiff attached the defendants' responses to her interrogatories and requests to produce to the motion to compel, which reveal the following information. Symphony Sycamore, LLC, doing business as Sycamore Village, employed the plaintiff. It does not own or operate any other nursing homes. Symphony Healthcare, LLC, Symphony Monarch Holdings, LLC, and Symphony M.L., LLC, all indicated in their initial discovery responses that they have "no physical operations or employees." In their initial discovery responses, this is the extent of the information the defendants supplied to the plaintiff regarding the nature of their respective businesses.

¶ 10 The plaintiff attached additional exhibits to her motion to compel evidencing her attempts to ascertain the nature of the defendants' businesses and any potential

relationships they may have with other nursing homes in Illinois that are allegedly associated with the SPAN service mark. One of these exhibits included a document filed with the Illinois Department of Healthcare and Family Services entitled "Financial and Statistical Report for Long Term Care Facilities" for fiscal year 2016. It was filed by MapleCrest Care Centre, a location that is associated with the SPAN service mark.[2] In a section entitled "Related Entities" MapleCrest Care Centre lists its owners to include Debra Hartman, Hartman Family Foundation, Hartman Dynasty Trust, Mark Hartman, Julie Thomas, Rena Dickman, Robert Hartman and Jack Hartman. MapleCrest Care Centre's listing of related nursing homes includes all the other locations listed on SPAN's web site, including Sycamore Village. Finally, other related business entities listed include, *inter alia*, Symphony Healthcare, LLC, and Symphony M.L. However, Symphony Sycamore, LLC, and Symphony Monarch Holdings, LLC, are not listed as related business entities.

¶ 11    On August 24, 2018, the defendants filed a supplemental statement regarding outstanding discovery issues in the case, attaching their second supplemental responses to the plaintiff's interrogatories. Symphony Sycamore, LLC's second supplemental responses state that it uses the SPAN service mark but owns only one of the SPAN locations, Sycamore Village in Swansea, where the plaintiff was employed. According to the

---

[2]Other nursing homes allegedly associated with the SPAN service mark include Northwoods Care Center, California Gardens, Monroe Pavilion, Symphony at 87th Street, Symphony of Aria, Symphony of Buffalo Grove, Symphony of Bronzeville, Symphony of Chicago West, Symphony of Crestwood, Symphony of Evanston, Symphony of Hanover Park, Symphony of Joliet, Symphony of Lincoln Park, Symphony of Midway, Symphony of Morgan Park, Symphony of Orchard Valley, Symphony of the Tillers, Symphony of Southshore, and Symphony Residences of Lincoln Park.

responses, all other locations using the SPAN service mark are independently owned and operated. Symphony Sycamore, LLC, has two member entities, defendant Symphony Healthcare, LLC, and Symphony HMG, LLC, which is not a defendant in this action. Symphony Healthcare, LLC, holds the lease for the property that houses Sycamore Village. Symphony Healthcare, LLC's sole member is defendant Symphony M.L. Symphony M.L.'s members are defendant Symphony Monarch Holdings, LLC, and Symag Holdings, LLC, which is not a defendant in this action. Symphony Monarch Holdings, LLC, is a "single purpose" LLC that is a member of Symphony M.L. Its members are Debra Hartman, Hartman Family Foundation, Hartman Dynasty Trust, Mark Hartman, Julie Thomas, Rena Dickman, Robert Hartman, and Jack Hartman.

¶ 12    On October 30, 2018, the Honorable Vincent J. Lopinot held a hearing on the plaintiff's motion for class certification. During the hearing, Judge Lopinot realized that he had a personal connection to Sycamore Village. He informed the parties, and the hearing was discontinued. On November 8, 2018, Judge Lopinot granted the defendants' motion for a substitution of judge for cause. On December 20, 2018, the Honorable Christopher T. Kolker granted the defendants' motion for a substitution of judge as of right. That same date, the Honorable Julia R. Gomric was assigned to the case and she held a hearing on the plaintiff's motion for class certification.

¶ 13    On January 2, 2019, the defendants filed a motion to substitute Judge Gomric as of right, which was granted on February 8, 2019. Judge Kevin T. Hoerner was assigned to the case and on February 19, 2019, entered an order informing the parties that he would review the record and the transcript of the December 20, 2018, hearing and make a ruling. On

March 12, 2019, Judge Hoerner entered an order certifying the following class (the primary class):

> "All Illinois citizens whose biometric information was collected, captured, purchased, received through trade, or otherwise obtained in Illinois at any location associated with [SPAN], as set forth in the Illinois Biometric Information Privacy Act, 740 ILCS 14/5 *et seq.*
>
> Excluded from the proposed Class are employees, officers, directors, subsidiaries and affiliates of any person or business associated with [SPAN], the judge or any officer of the court presiding over this action."

¶ 14   In addition, Judge Hoerner certified the following subclass:

> "All Illinois citizens whose biometric information was collected, captured, purchased, received through trade, or otherwise obtained in Illinois at the [SPAN] location in Swansea, Illinois, as set forth in the Illinois Biometric Information Privacy Act, 740 ILCS 14/5 *et seq.*
>
> Excluded from the proposed Class are employees, officers, directors, subsidiaries and affiliates of any person or business associated with [SPAN], the judge or any officer of the court presiding over this action."

¶ 15   On April 11, 2019, the defendants filed, pursuant to Illinois Supreme Court Rule 306(a)(8) (eff. Nov. 1, 2017), a petition for leave to appeal the March 12, 2019, order. On May 22, 2019, this court allowed the petition.

¶ 16                                    ANALYSIS

¶ 17    The standards governing our review of the circuit court's decision regarding class certification have been stated by this court as follows:

> "The decision regarding class certification is within the discretion of the circuit court and will not be disturbed on appeal unless the circuit court abused its discretion or applied impermissible legal criteria. [Citation.] In exercising its discretion, the court should err in favor of granting class certification. [Citation.] However, the court's discretion is not unlimited because the court is bound by[,] and its discretion must be exercised within[,] the framework of the civil procedure rule governing class actions. [Citation.] In making its decision as to whether to certify a class, the court may consider any matters of fact or law properly presented by the record, which includes the pleadings, depositions, affidavits, answers to interrogatories, and any evidence that may have been adduced at the hearings. [Citation.] The scope of appellate review is limited in that a reviewing court evaluating a circuit court's decision to certify a class may not undertake an independent, *de novo* evaluation of the facts. [Citation.]
>
> Certification of a class action in Illinois is governed by section 2-801 of [the Code], which sets forth four prerequisites for maintaining a class action: the class is so numerous that joinder of all members is impracticable; there are questions of fact or law common to the class that predominate over any questions affecting only individual members; the representative parties will fairly and adequately protect the interest of the class; and the class action is an appropriate method for the fair and

9

efficient adjudication of the controversy. [Citation.] The party seeking class certification has the burden of establishing the above statutory prerequisites. [Citation.] The circuit court must find that the four prerequisites are present before it can certify the class. [Citation.]" *Bueker v. Madison County*, 2016 IL App (5th) 150282, ¶¶ 22-23.

¶ 18 The "primary" class that the circuit court certified in this case consists of "[a]ll Illinois citizens whose biometric information was collected, captured, purchased, received through trade, or otherwise obtained in Illinois at any location associated with [SPAN]." There are several problems with the scope of this class. The complaint and the defendants' answers to interrogatories establish that the plaintiff was employed at Sycamore Village in Swansea. This is the only nursing home that is owned and operated by a defendant in this lawsuit. Symphony Sycamore, LLC, is the entity that owns Sycamore Village, and owns no other locations affiliated with the SPAN service mark. While investigation conducted by the plaintiff reveals that there may be some relationship between the various entities that own the other locations, those entities are not named defendants in this action.

¶ 19 On this record, the plaintiff cannot establish that there are common questions of law or fact common to the class that predominate over any questions affecting the individual members of the class beyond those who were employed by Symphony Sycamore, LLC. See *id.* It is unclear from this record what the common questions are as to class members employed by entities who are not named in this lawsuit. For the same reasons, the plaintiff cannot establish that she can fairly and adequately protect the members of the class beyond those who were employed by Symphony Sycamore, LLC, or

10

that the class action is an appropriate method for the fair and efficient adjudication of any controversy that class members, beyond those who were employed by Symphony Sycamore, LLC, may have against entities that are not named as defendants in this lawsuit. See *id.* For these reasons, we find that the circuit court abused its discretion in certifying the "primary" class as all Illinois citizens whose biometrics were collected by any SPAN location.[3]

¶ 20    Although we find that the "primary" class was improperly certified, we do not find the same deficiencies with the subclass that the circuit court certified. The subclass consists of all persons whose biometrics were collected or otherwise received at Sycamore Village, the entity that is owned by the defendant, Symphony Sycamore, LLC, and that employed the plaintiff. The record reflects numerosity, in that over 500 potential class members have been identified. The common and predominant issue will be whether a BIPA violation took place and the defendants' respective liability for any violation. The plaintiff, as an employee at that location who had her biometrics collected, will fairly and adequately protect the interest of that class, and a class action is an appropriate method for the fair and efficient adjudication of the controversy involving these defendants.[4] For these reasons, we modify the circuit court's order to certify the following class:

---

[3]The class certification order may be amended if it becomes appropriate based on further discovery as to the relationship between the various Symphony locations and appropriate amendment to the complaint to add the various entities that operated those locations as defendants in this action. See 735 ILCS 5/2-802 (West 2018). However, we will not speculate as to what circumstances may justify such an amendment.

[4]The defendants argued that because the plaintiff has not articulated her theory of damages in discovery, we cannot determine that a class action is an appropriate method for the fair and efficient resolution of the controversy, because the theory of damages that emerges may contemplate a measure of damages that is too "high" to be efficiently resolved by class action. We agree with the plaintiff that if this scenario emerges, the circuit court may consider a motion to decertify the class.

"All Illinois citizens whose biometric information was collected, captured, purchased, received through trade, or otherwise obtained in Illinois at the Symphony Post Acute Care Network, a/k/a Symphony Post Acute Network, location in Swansea, Illinois, as set forth in the Illinois Biometric Information Privacy Act, 740 ILCS 14/5 *et seq.*

Excluded from the proposed Class are employees, officers, directors, subsidiaries and affiliates of any person or business associated with the Symphony Post Acute Care Network, a/k/a Symphony Post Acute Network, the judge or any officer of the court presiding over this action."[5]

¶ 21                                    CONCLUSION

¶ 22    For the foregoing reasons, we affirm the March 12, 2019, order as modified herein.


¶ 23    Affirmed as modified.

---

[5]The class definition excludes employees of Sycamore Village. It is unclear whether the parties intended this to be the case, given that the plaintiff's biometrics were allegedly collected in her capacity as an employee. We leave it to the parties to seek amendment of this aspect of the class definition on remand if necessary. See 735 ILCS 5/2-802 (West 2018).